STATE OF WEST VIRGINIA

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS L. GOODE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0786** (BOR Appeal No. 2049147)
(Claim No. 2001036112)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**MYSTIC ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas L. Goode, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna L. Faulker, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 15, 2014, in which the Board affirmed a January 6, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 1, 2013, decision denying a request for temporary total disability benefits and a permanent partial disability evaluation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon erroneous conclusions of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Goode, a mine equipment operator, injured his back on January 24, 2001, while lifting a heavy motor. He was granted an 11% permanent partial disability award for his lower back and right leg on April 18, 2002. On January 30, 2013, the Office of Judges reversed an August 24, 2011, claims administrator's decision and held the claim compensable for the additional condition of L5-S1 disc herniation. Mr. Goode thereafter requested temporary total disability benefits and a permanent partial disability evaluation. The claims administrator denied his request on August 1, 2013. The Office of Judges affirmed the decision in its January 6, 2014, Order. The Office of Judges stated that pursuant to West Virginia Code § 23-4-16(a)(1)-(2) (2005), in any claim in which an award of permanent impairment has been made, reopening requests must be filed within five years of the date of the initial award. In the instant claim, Mr. Goode was granted an initial award on April 18, 2002. The Office of Judges stated that it is therefore clear that the February 4, 2013, requests for temporary total disability benefits and a permanent partial disability award are beyond the five year limitation. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 15, 2014.

Pursuant to this Court's recent decision in *Hammons v. West Virginia Office of the Insurance Commissioner,* 235 W. Va. 577, 775 S.E.2d 458 (2015), we find that the Board of Review's decision is the result of erroneous conclusions of law. This Court determined that when a claimant receives an award of permanent partial disability for a work-related injury, timely files a reopening request seeking to add an additional compensable component, the additional component is held compensable, and the claims administrator fails to refer the claimant for a permanent partial disability evaluation, the claimant may request a permanent partial disability evaluation even if the time period for reopening the initial claim has expired. In the instant case, Mr. Goode received an initial permanent partial disability award in 2001. On January 3, 2013, the Office of Judges held the claim compensable for the additional condition of L5-S1 disc herniation. Mr. Goode then requested a permanent partial disability evaluation and temporary total disability benefits. Under the aforementioned *Hammons* standard, Mr. Goode is entitled to a permanent partial disability evaluation for the additional compensable condition even though the request was made outside of the five year time period. The Court notes that West Virginia Code §§ 23-4-16(a)(1)-(2) governs both permanent partial disability awards and temporary total disability benefits. Mr. Goode, in this case, was unable to get temporary total disability benefits for his L5-S1 disc herniation prior to it being added as a compensable component of the claim. By the time the condition was added, the statute of limitations had expired. Allowing him the opportunity for temporary total disability benefits is consistent with the Court's reasoning in *Hammons* in that it allows him access to his statutory right to receive benefits for his work-place injury.

For the foregoing reasons, we find that the decision of the Board of Review is the result of erroneous conclusions of law. The decision is reversed and remanded with instructions to allow Mr. Goode to obtain an evaluation for permanent partial disability and to allow him to present additional evidence of his temporary total disability.

Reversed and Remanded.

**ISSUED:  February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman

Justice Allen H. Loughry II, dissenting:

I dissent from the majority's decision to reverse the order of the Board of Review and remand this case to allow Mr. Goode to obtain a permanent partial disability evaluation for his herniated disc condition and to present additional evidence of his alleged temporary total disability as result that condition.  Mr. Goode's workplace injury occurred on January 24, 2001, and his initial award for permanent impairment was made on April 18, 2002.  West Virginia Code § 23-4-16(a)(2) (2010) provides that in any claim in which an award of permanent impairment has been made, a reopening request for additional benefits must be made within five years of the date of the initial award.  Mr. Goode's requests for additional temporary total disability benefits and a permanent partial disability evaluation were made more than ten years after he received his initial award.  Obviously, his requests were untimely.  Nonetheless, based upon its decision in *Hammons v. West Virginia Office of Ins. Comm'r*,  235 W.Va. 577, 775 S.E.2d 458 (2015), the majority has decided to afford Mr. Goode the relief he has requested.

> As I explained in my dissent in *Hammons*,
>
> [T]he Legislature has expressly indicated that workers' compensation claimants may not seek to reopen their claims more than five years after their initial awards are granted . . . .
>
> The majority's conclusion that denying the claimants in these cases the right to reopen their claims will produce an absurd result contrary to legislative intent to fully compensate injured workers for their injuries is simply wrong. . . . West Virginia Code § 23-4-16(a) affords the claimants the right to seek a modification, change, or reopening of their prior awards.  However, by allowing such a request to be made only two times within five years of the initial award, the Legislature expressly chose not to create an unlimited and endless right to seek increases in awards for permanent benefits.  It is not our place to second guess the Legislature's reasons for doing so.

3

235 W.Va. at 600-01, 775 S.E.2d at 481-82. The majority's decision in this case repeats the error made in *Hammons*–ignoring clear statutory language to achieve a desired result. However, even more egregious is the majority's use of *Hammons* to perpetuate the erosion of the time limitations applicable to workers' compensation cases. In the case *sub judice*, Mr. Goode untimely requested a permanent partial disability evaluation and additional temporary total disability benefits. Although *Hammons* did not address an untimely request for temporary total disability benefits, the majority summarily concludes that "this Court's reasoning in *Hammons* . . . allows [Mr. Goode] access to his statutory right to receive temporary total disability benefits for his work place injury." The majority extension of its holding in *Hammons* to this set of facts in a memorandum decision is outrageous and violates our Rules of Appellate Procedure. Our rules provide that memorandum decisions reversing lower tribunals should be used in limited circumstances and are not appropriate for setting forth new precedent. *See* R. App. Proc. 21. While I am not surprised by the majority's decision in this case, I am dismayed that it has chosen this method to further eviscerate West Virginia Code § 23-4-16(a). Accordingly, I respectfully dissent.